UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DR. JOSE ESTELA, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | 3:23-cv-200 |
| v. | : | |
| | : | |
| DOCS URGENT CARE LLP; | : | |
| DOCS OF CT, LLC; | : | |
| DOCS MEDICAL INC.; | : | |
| DOCS MEDICAL GROUP INC.; | : | |
| DOCS URGENT CARE CENTER LLP; | : | |
| LUNG DOCS OF CT, P.C.; | : | |
| EPIC FAMILY PHYSICIANS, LLP; | : | |
| CONTINUUM MEDICAL GROUP, LLC; | : | |
| and DR. JASDEEP SIDANA, | : | |
| | : | |
| Defendants. | : | February 16, 2023 |
| | : | |

**COMPLAINT**

1. The plaintiff, Dr. Jose Estela, brings this action against his former employers, defendants DOCS Urgent Care LLP; DOCS of CT, LLC; DOCS Medical Inc.; DOCS Medical Group Inc.; DOCS Urgent Care Center LLP; Lung Docs of CT, P.C.; Epic Family Physicians, LLP; Continuum Medical Group, LLC; and Dr. Jasdeep Sidana, for violations of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA).

2. The defendants improperly failed to pay the plaintiff overtime pay when he worked more than 40 hours in a workweek.

3. The plaintiff alleges that he is entitled to unpaid wages from the defendants for all overtime hours worked by him and to liquidated and other damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

4. The plaintiff requests a trial by jury on all issues triable to a jury.

## I. PARTIES

5. The plaintiff, Dr. Jose Estela, is a natural person, a citizen of Connecticut, and a resident of Clinton, Connecticut.

6. Upon information and belief, defendant DOCS Urgent Care LLP is a business organized under the laws of Connecticut and doing business in Connecticut.

7. Upon information and belief, defendant DOCS of CT LLC is a business organized under the laws of Connecticut and doing business in Connecticut.

8. Upon information and belief, defendant DOCS Medical Inc. is a business organized under the laws of Connecticut and doing business in Connecticut.

9. Upon information and belief, defendant DOCS Medical Group Inc. is a business organized under the laws of Connecticut and doing business in Connecticut.

10. Upon information and belief, defendant DOCS Urgent Care Center LLP is a business organized under the laws of Connecticut and doing business in Connecticut.

11. Upon information and belief, defendant Lung Docs of CT, P.C. is a business organized under the laws of Connecticut and doing business in Connecticut.

12. Upon information and belief, defendant Epic Family Physicians, LLP is a business organized under the laws of Connecticut and doing business in Connecticut.

13. Upon information and belief, defendant Continuum Medical Group, LLC is a business organized under the laws of Connecticut and doing business in Connecticut.

14. The defendant, Dr. Jasdeep Sidana, is a natural person and, upon information and belief, a citizen of Connecticut.

## II.   JURISDICTION AND VENUE

15. This Court has jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over the plaintiff's Connecticut state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to his FLSA claims that they form part of the same case or controversy.

16. Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this District because the plaintiff lives in Connecticut, the defendants are located in Connecticut, and the conduct underlying the plaintiff's claims occurred in Connecticut.

## III.   FACTUAL ALLEGATIONS

17. At all times discussed herein, Dr. Sidana was the owner and operator of DOCS Urgent Care LLP; DOCS of CT, LLC; DOCS Medical Inc.; DOCS Medical Group Inc.; DOCS Urgent Care Center LLP; Lung Docs of CT, P.C.; Epic Family Physicians, LLP; and Continuum Medical Group, LLC (collectively, "DOCS").

18. Upon information and belief, at all relevant times discussed herein, all defendants were the plaintiff's joint employer within the meaning of the FLSA and the CMWA.

19. All defendants were jointly responsible for paying Dr. Estela all compensation to which he was entitled.

20. At all times discussed herein, Dr. Sidana had actual and direct control of Dr. Estela's employment with DOCS, including Dr. Estela's workplace conditions and operations and Dr. Estela's compensation.

21. At all times discussed herein, Dr. Sidana had ultimate responsible authority to set Dr. Estela's hours of employment with DOCS and to ensure that Dr. Estela was compensated correctly.

22. Dr. Estela first began his employment with the defendants in 2012. He voluntarily left DOCS in or about 2015 and returned in or about 2017.

23. Dr. Estela remained an employee of DOCS until September 2022, when he was told by a human resources representative of DOCS that he should not return to work until he was contacted. He was never contacted to return and has been effectively discharged from his employment.

24. At all times during his employment with the defendants, Dr. Estela was paid on an hourly basis.

25. At no point during his employment with the defendants was he paid on a salary basis.

26. Throughout his employment with the defendants, Dr. Estela routinely worked more than 40 hours per week.

27. However, despite being paid on an hourly basis and working more than 40 hours per week, Dr. Estela was not paid any overtime premium for the hours he worked beyond 40 in a given week.

28. The defendants knew or reasonably should have known that they were required to pay Dr. Estela an overtime premium for all hours worked over 40 in a given week.

## IV. LEGAL CLAIMS

**FIRST COUNT:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA) – UNPAID OVERTIME – as to All Defendants**

29. The plaintiff incorporates by reference all preceding allegations in this Complaint.

30. Based on the foregoing, the defendants willfully violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

31. As a result of the defendants' conduct, the plaintiff has suffered damages.

**SECOND COUNT:**       **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT (CMWA) – UNPAID OVERTIME – as to All Defendants**

32. The plaintiff incorporates by reference all preceding allegations in this Complaint.

33. Based on the foregoing, the defendants violated the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

34. The defendants' violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

35. As a result of the defendants' conduct, the plaintiff has suffered damages.

* * *

WHEREFORE, the plaintiff requests that this Court assume jurisdiction over this Complaint and award him:

    a.    Unpaid overtime wages under the FLSA;

    b.    Liquidated damages under the FLSA;

    c.    Twice the full amount of unpaid overtime wages under the CMWA;

    d.    Attorneys' fees under the FLSA and/or the CMWA;

    e.    Interest under § 37-3a of the Connecticut General Statutes;

    f.    Attorneys' fees and costs; and

    g.    Any other remedy that may appear to be just and proper.

**RESPECTFULLY SUBMITTED,**
**THE PLAINTIFF**

By:   */s/ Joshua R. Goodbaum*
Joshua R. Goodbaum (*ct28834*)
Stephen J. Fitzgerald (*ct22939*)
Betsy Ingraham (*ct27820*)
GARRISON, LEVIN-EPSTEIN,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT 06511
Tel.: (203) 777-4425 / Fax: (203) 776-3965
jgoodbaum@garrisonlaw.com
sfitzgerald@garrisonlaw.com
bingraham@garrisonlaw.com

COUNSEL FOR THE PLAINTIFF